The document below is hereby signed.

Signed: October 4, 2015



_S. Martin Teel, Jr._
S. Martin Teel, Jr.
United States Bankruptcy Judge

UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF COLUMBIA

```
In re                          )
                               )
SABRINA WOODARD,               )   Case No. 15-00417
                               )   (Chapter 11)
          Debtor.              )
                               )   Not for publication in
                               )   West's Bankruptcy Reporter.
```

MEMORANDUM DECISION AND ORDER
REQUIRING THE DEBTOR TO FILE CERTAIN TAX RETURNS

This addresses the *Motion to Require Debtor to File Tax Returns* filed by Huntington Apartment Associates, LP, seeking an order under 11 U.S.C. § 521(f) compelling the debtor to file with the court certain tax returns as specified by that statute. The statute is clear that the court shall order the filing of certain tax returns upon the request of a creditor, and Huntington clearly is a creditor.

The debtor has opposed the *Motion*, contending that Huntington ought not be allowed access to the returns. That objection is premature because Huntington has not yet sought access to the returns in compliance with relevant procedures. If

Huntington seeks access to the filed returns, those returns will be subject to certain protections as indicated in the *Guide to Judiciary Policy*, vol. 4, chapter 8 § 830 (*Guidance for Protection of Tax Information*), available at http://www.uscourts.gov/rules-policies/judiciary-policies/bankruptcy-case-policies.  Those provisions provide, in relevant part, the following:

> § 830.20 Restricted Access to Tax Information
>
> (a) For tax information to be filed with the court, it must be entered into a court's CM/ECF system by selection of the "tax information" event from the CM/ECF event list.  This event limits access to the filed tax information to those users assigned a "court" log in (i.e., judicial officers and court employees). All other users (including PACER users) will have access to a docket event indicating that tax information has been filed, but will not have access to the tax information.
>
> (b) No tax information filed with the bankruptcy court or otherwise provided by the debtor should be available to the public via the Internet, PACER, or CM/ECF.
>
> § 830.30 Tax Information Disclosure Requests
>
> To gain access to a debtor's tax information under 11 U.S.C. § 521(f), the United States trustee or bankruptcy administrator, case trustee, and any party in interest, including a creditor, must follow the procedures set forth below.
>
> (a) A written request that a debtor file copies of tax returns with the court under 11 U.S.C. § 521(f) must be filed with the court and served on the debtor and debtor's counsel, if any.
>
> (b) To obtain access to debtor's tax information that is filed with the bankruptcy court, the movant must file a motion with the court, which should include:

>    (1) a description of the movant's status in the case, to allow the court to ascertain whether the movant may properly be given access to the requested tax information;
>
>    (2) a description of the specific tax information sought;
>
>    (3) a statement indicating that the information cannot be obtained by the movant from any other source; and
>
>    (4) a statement showing a demonstrated need for the tax information.

(c) An order granting a motion for access to tax information should include language advising the movant that the tax information obtained is confidential and should condition dissemination of the tax information as appropriate under the circumstances of a particular case. At the discretion of the court, the order may state that sanctions may be imposed for improper use, disclosure, or dissemination of the tax information.

§ 830.40 Approved Access to Tax Information

   (a) Local courts have authority to determine procedures, the details of which are within the discretion of the court, for transmitting the tax information to the movant when access has been granted. Possible methods include mailing a hard copy, or developing procedures to view tax information at the clerk's office.

   (b) The transmission of the tax information to the movant, by whatever means the court deems appropriate, should be recorded as a docket event in CM/ECF so that the docket will reflect that the court has taken the action necessary to effect the provisions of its order granting access.

§ 830.50 Required Redaction of Debtor Tax Information

   (a) The following redaction requirements apply to all tax information provided in accordance with section 521 of the Bankruptcy Code.

   (b) Debtors providing tax information under 11

U.S.C. § 521 should redact personal information according to the criteria set forth in Fed. R. Bankr. P. 9037. A debtor should therefore redact personal identifiers in any tax information required to be filed with the court or provided to the trustee or creditor(s), in either electronic or paper form, as follows:

   (1) Social Security numbers

   If an individual's social security number is included, only the last four digits of that number should appear.

   (2) Individual Taxpayer Identification Number (ITIN)
   If an individual taxpayer has an ITIN instead of a social security number, only the last four digits of the ITIN should appear.

   (3) Names of Minor Children

   If a minor child is identified, only the child's initials should appear.

   (4) Dates of Birth

   If an individual's date of birth is included, only the year should appear.

   (5) Financial Account Numbers

   If financial account numbers are provided, only the last four digits of these numbers should appear.

(c) Court employees are not responsible for redacting any of the personal identifying information contained in documents filed with the court. The responsibility for redacting personal identifiers rests solely with the debtor.

(d) Failure to follow these procedures waives the protection afforded by them.

   (1) Failure to select the "tax information" event in the CM/ECF system to file a document containing tax information with the court will make

4

>   the document available to the public via the Internet, PACER, or CM/ECF.
>
>   (2) Filing a document containing unredacted personal information with the court waives the protection of Fed. R. Bankr. P. 9037.  The clerk of court is not required to review documents filed with the court, and so the responsibility to redact filings rests with the counsel, parties, and others who file such documents.  See: Fed. R. Bankr. P. 9037(g) advisory committee's note.

In light of those provisions, the debtor's objection to Huntington's obtaining access to the returns is premature: Huntington will not be entitled to obtain access to returns that the debtor files pursuant to this order unless Huntington complies with the procedures set forth in § 830.30(b), quoted above.

In its reply to the debtor's opposition to the *Motion*, Huntington invokes 11 U.S.C. § 521(e)(2), but the *Motion* did not seek the debtor's compliance with § 521(e)(2).  Section 521(e)(2) deals with providing to the trustee a copy of a tax return (or transcript thereof) "for the most recent tax year ending immediately before the commencement of he case and for which a Federal income tax return was filed."  In contrast, § 521(f) (the basis of Huntington's motion) deals with tax returns filed *after* the commencement of the case.  If Huntington wants to seek an order based on § 521(e)(2), it will have to file a new motion.

In light of the foregoing, it is

ORDERED that the *Motion to Require Debtor to File Tax*

5

*Returns* (Dkt. No. 35) is granted as follows; and it is further

ORDERED that the debtor, Sabrina Woodard, is directed to file with the court:

(1) at the same time filed with the taxing authority a copy of each Federal income tax return required under applicable law (or at the election of the debtor, a transcript of such tax return) with respect to each tax year of the debtor ending while the debtor's bankruptcy case is pending under such chapter 7, 11 or 13 of the Bankruptcy Code;

(2) at the same time filed with the taxing authority each Federal income tax return required under applicable law (or at the election of the debtor, a transcript of such tax return) that had not been filed with such authority as of the date of the commencement of the case and that was subsequently filed for any tax year of the debtor ending in the 3-year period ending on the commencement of the case and that was subsequently filed for any tax year of the debtor ending in the 3-year period ending on the date of the commencement of the case; and

(3) a copy of each amendment to any Federal income tax return or transcript filed with the court under paragraph (1) or (2).

[Signed and dated above.]

Copies to: Debtor; recipients of e-notification of filings.